# IN THE COURT OF APPEALS 11/12/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-01198 COA

**DAVID FISHER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. LARRY EUGENE ROBERTS

COURT FROM WHICH APPEALED: WAYNE COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

MARK S. HOWARD (WITHDRAWN)

ROGERS J. DRUHET

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: BILBO MITCHELL

NATURE OF THE CASE: CRIMINAL - MURDER

TRIAL COURT DISPOSITION: MURDER: SENTENCED TO LIFE IMPRISONMENT IN THE MDOC AND ORDERED TO PAY $188.00 COURT COSTS AND $1,000.00 ATTORNEYS' FEES


BEFORE FRAISER, C.J., BARBER, AND SOUTHWICK, JJ.

BARBER, J., FOR THE COURT:

David Fisher was tried and convicted of murder in the Circuit Court of Wayne County. Fisher was placed in the custody of the Mississippi Department of Corrections to serve a term of life imprisonment. Asserting that the trial court committed reversible error, Fisher appeals his conviction on the following grounds:

I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO ALLOW INTO EVIDENCE REPORTS THAT CONTAINED MEDICAL OPINION EVIDENCE OR FINDINGS OF A JUDGE IN CHANCERY COURT COMMITMENT FILES.

II. WHETHER FISHER'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE.

## FACTS

On the evening of December 22, 1993, a group of persons were congregated on the front porch and in the yard of a residence in Waynesboro, MS. Several of the individuals testified that David Fisher drove near the residence, exited his pick-up truck with a shotgun, and fired a shot into the crowd. One person, Don Halsell, was struck by three pellets of buckshot from the round of ammunition discharged by Fisher. Halsell died as a result of the gunshot wounds. After discharging the shotgun Fisher left the scene of the incident and returned to his home.

Officers of the Waynesboro Police Department, who had been alerted to the crime and the alleged identity of the perpetrator, made contact with Fisher via telephone. At trial, one of the officers testified that Fisher made hostile and obscene remarks on the telephone and admitted to being the shooter at the incident in question. The officers proceeded to Fisher's residence and were able to convince him to surrender once his mother arrived at the scene. Fisher was arrested and subsequently indicted for the murder of Don Halsell.

## ANALYSIS

I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO ALLOW INTO EVIDENCE REPORTS THAT CONTAINED MEDICAL OPINION EVIDENCE OR FINDINGS OF A JUDGE IN CHANCERY COURT

COMMITMENT FILES.

Fisher argues that the circuit court committed reversible error in failing to admit into evidence reports that contained medical opinion evidence pertaining to his mental competency to stand trial. The essence of Fisher's argument is that medical reports contained in the court files from an earlier commitment proceeding are hearsay exceptions under Mississippi Rules of Evidence Rule 803(8)(C), as public records and reports and, therefore, should have been allowed into evidence at his trial. The State, however, argues that although the medical reports in question may be public records and reports included under Rule 803(8)(C), they contain inadmissible opinions and conclusions made by the physicians and mental health workers who examined Fisher.

In analyzing the admissibility of the medical reports under Rule 803(8), the key to this Court's inquiry is whether the reports contain inadmissible opinions and conclusions. While Rule 803(8)(C) allows for the admission of factual findings made in an investigation which is conducted pursuant to lawful authority, it conditions this hearsay exception on the reports being just that; factual findings. The official comment clearly states that "[o]pinions and conclusions contained in such reports should be excluded." M. R. E. 803(8)(C) cmt. Although there is apparently no Mississippi Supreme Court case directly on point to explain the comment to Rule 803(8)(C), the Fifth Circuit Court of Appeals has addressed this issue when analyzing the federal version of Rule 803(8)(C), which is identical to ours. *See Smith v. Ithaca Corp.*, 612 F.2d 215, 222 (5th Cir. 1980) (holding findings of fact contained in governmental agency's report admissible under 803(8)(C), but conclusions or opinions in same report inadmissible).

The trial court ruled that the medical records containing opinions and conclusions were to be excised from the commitment proceeding files and not admitted into evidence. This ruling correctly followed the command of Rule 803(8)(C) and was not erroneous. Even had the judge committed error in this ruling, Fisher has failed to demonstrate that he suffered prejudice as a result of the alleged error, which is a prerequisite for reversal by this Court. *See Newsom v. State*, 629 So. 2d 611, 614 (Miss. 1993) (holding that erroneous evidentiary ruling does not require reversal unless it caused "[a] denial of a substantial right of the defendant."); *Jenkins v. State*, 607 So. 2d 1171, 1175 (Miss. 1992) (holding error not grounds for reversal unless prejudicial). Accordingly, this issue lacks merit.

## II. WHETHER FISHER'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE.

Fisher alleges that his court-appointed counsel failed to provide him with legal representation sufficient to satisfy his Sixth Amendment right to counsel. In order to demonstrate that he was denied the effective assistance of counsel, a criminal defendant must show that 1) the counsel's performance was deficient and that the deficient performance prejudiced the defense, and 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Mohr v. State*, 584 So. 2d 426, 430 (Miss. 1991) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In order to make a successful ineffective assistance of counsel claim, a defendant must satisfy both prongs of the *Strickland* test. *Mohr*, 584 So. 2d at 430.

Addressing the first prong of the *Strickland* test, this Court must inquire as to whether Fisher has

demonstrated that his court-appointed counsel acted in a deficient manner resulting in prejudice to him. Fisher alleges that he was "penalized" by his counsel agreeing to allow the introduction of evidence that ordinarily would have been excluded under the rules of evidence. Fisher further contends that his counsel "could have" made certain arguments, and that his counsel's failure to do so caused him a "loss of leverage" at trial. Fisher concludes his argument by surmising that "[t]he prejudice to the accused is obvious." While the prejudice to Fisher may be obvious from his point of view, he has failed to demonstrate objectively that the alleged deficiencies of his court-appointed counsel warrant reversing the trial court. Considering the substantial deference given to an attorney's trial tactics by the appellate courts of this State, Fisher's mere allegations of errors are not sufficient of themselves. *See Mohr*, 584 So. 2d at 430 (holding judicial scrutiny of counsel's performance must be highly deferential). Since Fisher has failed to demonstrate prejudice to satisfy the first prong of the *Strickland* test, we need not address the second prong. Therefore, Fisher's second issue lacks merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED AGAINST WAYNE COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**